# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

PAMELA BUSBY,

                              Plaintiff,

        -v.-                                             5:15-CV-1007 (LEK/ATB)

SYRACUSE CITY SCHOOL DISTRICT,

                              Defendant.

PAMELA BUSBY, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint, together with an application to proceed in forma pauperis ("IFP") and an application for appointment of counsel filed by pro se plaintiff Pamela Busby. (Dkt. Nos. 1, 2, 3).

## I.  **IFP Application**

Plaintiff declares in her IFP application that she is unable to pay the filing fee. (Dkt. No. 2).  This court agrees, and finds that plaintiff is financially eligible for IFP status.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether

the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiffs' complaint under the above standards.

## II. Facts

Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. (Complaint "Compl." at 1, 5)[1] (Dkt.

---

[1] Plaintiff appears to have put together pages of various complaint forms, and her pages are not consecutively numbered. Thus, the court will refer to the pages of the complaint as assigned by the court's electronic filing system CM/ECF.

No. 1). On the page of the form-complaint which requires plaintiff to state the basis of defendant's discriminatory conduct, plaintiff has checked spaces next to the following: "My race or color," "My sex (or sexual harassment)," and "Other." There is nothing written in the space following the word "other." (*Id.*) Plaintiff has also checked spaces next to various forms of "conduct" of which she complains – "Termination of employment," "Unequal terms and conditions of employment," and "Retaliation." (*Id.*)

In the section of the complaint where plaintiff is required to state the facts of her case in narrative form, plaintiff states that she was dismissed from her employment as a "School Monitor"[2] at the McKinley-Brighton School in Syracuse after twenty five years "because the Vice Principal did not like me, and told lies to have me fired." (Compl. at 2). Plaintiff claims that she did not "do anything she said I did, I was at lunch when the child/student left the school." (*Id.*) Plaintiff states that the Principal or Vice Principal "did not have someone covering my lunch time when the student supposed [sic] to have left the school." (*Id.*)

Although plaintiff was given her job back,[3] she states that she was out of work for seven months and is behind on her bills, her car was repossessed, she lost pay for the seven months that she was unemployed,[4] and her retirement is in "[default] @

---

[2] Plaintiff does not actually specify in this section of the complaint that she was a school monitor, but the court has learned this fact from other documents that plaintiff has attached to the complaint.

[3] Plaintiff has attached the reinstatement letter that she received from the Syracuse City School District. (Compl. at 7).

[4] Plaintiff never states exactly when the defendant's conduct took place. She only alleges that she was out of work for seven months, thus, this court can only assume that the conduct occurred seven months prior to the date of plaintiff's reinstatement letter. Although the reinstatement letter is dated in May of 2015, but plaintiff would not resume work until "the start of school in September." (Compl. at 7).

3

interest daily." (Compl. at 3). Plaintiff states that she wishes to recover her credit as well as the "cost and hardship" that she suffered because of this matter. (Compl. at 4). Plaintiff has attached her right-to-sue letter from the Equal Employment Opportunity Employment Commission ("EEOC"), dated May 20, 2015. (Compl. at 6).

### III. Title VII

#### A. Legal Standards

Title VII prohibits employers from discriminating against an individual based upon "race, color, religion, sex, or national origin," but does not include claims based on "general animus or hostility." *Shamilov v. Human Resources Admin.*, No. 10 Civ. 8745, 2011 WL 6085550, at *5 (S.D.N.Y. Dec. 6, 2011) (quoting 42 U.S.C. § 2000e-2(a)). At the pleading stage, plaintiff must allege "the essential elements of an employment discrimination claim." *Id.* (citing *Petane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007)). The plaintiff must allege that she belongs to a protected class, suffered an adverse employment action, and that the adverse action occurred under circumstances that give rise to "an inference of discriminatory intent." *Id.* (citing *Sanders v. Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004)).

#### B. Application

While the court can assume that plaintiff belongs to a protected class for sex discrimination, because she is a woman, the court cannot assume that plaintiff belongs to a protected class for race discrimination because she has not stated her race. Plaintiff has alleged that she suffered an adverse employment action, but she has failed to allege facts that would establish that her termination occurred under circumstances giving rise to even an inference of discriminatory intent based on race or gender. Although she has alleged "unequal treatment," plaintiff has failed to allege that anyone of a different sex

4

or race than she is was treated differently under similar circumstances.

Both plaintiff and the supervisor that she claims caused her termination are female.[5] More importantly, plaintiff alleges that she was fired "because the Vice Principal *did not like me, and told lies to have me fired*." (Compl. at 2) (emphasis added). As stated above, hostility alone is not a basis for employment discrimination, even if that hostility causes the individual to tell "lies" about the plaintiff. The rest of plaintiff's facts attempt to justify why she should not have been held responsible for a student leaving school – the apparent reason that she was fired from her school monitor position. (*Id.*) There are no actions that plaintiff alleges were *motivated* by sex or race.[6] To interpret plaintiff's facts as alleging such discrimination would be speculative at best, even reading the complaint with the liberality to which pro se plaintiffs are entitled. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (pro se pleadings must be construed liberally to raise the strongest arguments they suggest).

Plaintiff also has checked "retaliation" as a basis for her claims. To state a claim for retaliation, the plaintiff must allege that she engaged in "protected activity by opposing an employment practice made unlawful under the relevant statute," that her employer was aware of plaintiff's protected activity, that the employer took an adverse employment action against the plaintiff, and that there was a causal connection between the adverse employment action and the protected activity. *Gordon v. New York City Bd. of Ed.*, 232 F.3d 111, 113 (2d Cir. 2000). Plaintiff need not establish a prima facie case

---

[5] Plaintiff refers to the Vice Principal as "she." (Compl. at 2). "I did not do all the things *she* said I did." (*Id.*) (emphasis added).

[6] Plaintiff appears to claim that the Vice Principle did not like plaintiff. She thus blamed plaintiff when a student left the school during plaintiff's lunch hour when the Vice Principle or the Principle failed to have another monitor "covering" plaintiff's position.

of retaliation, but must at least allege facts that state a plausible claim for retaliation. *Chang v. City of New York Dep't for the Aging*, No. 11 Civ. 7062, 2012 WL 1188427, at *6, (S.D.N.Y. Apr. 10, 2012) (Rep't-Rec.) (citation omitted).

There is no indication in the complaint that plaintiff took any "protected action" prior to her termination, or that any such protected action was the motivation for her termination. Plaintiff may misunderstand the meaning of retaliation under the statute. In any event, even under the most liberal interpretation of the complaint, there is no retaliation claim stated. Thus, as the complaint is written, plaintiff has failed to state any plausible claim for employment discrimination under Title VII, and the court will recommend dismissing the complaint.

## IV. **Opportunity to Amend**

### A. **Legal Standards**

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B. **Application**

As the complaint is written, plaintiff has failed to state a plausible claim for employment discrimination, and the court will recommend dismissal without prejudice. If the court adopts this recommendation, prior to dismissing the action, plaintiff should be afforded thirty days from the date of the order approving this report within which to submit a proposed amended complaint in order to attempt to support her claims of

discrimination as stated above.

Any amended complaint must be a ***complete pleading which will supercede her original complaint***. ***The original will have no further force or effect***. Thus, if the court approves this recommendation, and plaintiff does file a proposed amended complaint, she must include all of her claims in the proposed amended complaint and must attach the EEOC's right-to-sue letter as she attached in the original complaint. In addition, if the court approves this recommendation and plaintiff files a proposed amended complaint, the Clerk may return any proposed amended complaint to me for my initial review. If plaintiff fails to file an amended complaint, the court may dismiss the action with prejudice.

## V. Appointment of Counsel

### A. Legal Standards

There is no right to appointment of counsel in civil matters. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). Section 1915 specifically provides that a court **may** request an attorney to represent any person "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance. *Cooper v. A. Sargenti, Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Terminate Control Corp. v. Horowitz*, the Second Circuit listed the factors that a court must consider in making the determination of whether to appoint counsel. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. *Terminate Control Corp.*, 28 F.3d at 1341 (citing *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). If so, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether

7

> conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id*. This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

### B. Application

In plaintiff's form-application for appointment of counsel she states that she has spoken with several attorneys, but that they all wanted "money up front." (Dkt. No. 3). Because this court has recommended dismissal for failure to state a plausible claim, plaintiff cannot meet the first criteria for appointment of counsel – that the claim is of substance. In any event, even if this court had ordered service of the original complaint, it would have been too early in the action to assess the merit of plaintiff's claim. Thus, this court will deny plaintiff's motion for appointment of counsel without prejudice at this time. If this case is ultimately allowed to proceed, then the court may entertain a motion for appointment of counsel at the appropriate time, after a proper analysis under *Hodge, supra.*

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED**[7] for purposes of this Order and Report-Recommendation only, and it is

---

[7] The court notes that even if plaintiff's application to proceed IFP is granted, plaintiff will still be required to pay fees that he may incur in the future regarding this action, including, but not limited to, copying and/or witness fees.

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) (ii), and it is

**RECOMMENDED**, that if this court adopts this Report-Recommendation, that prior to dismissal, the plaintiff be afforded the opportunity to file a proposed amended complaint within **THIRTY (30) DAYS OF THE DATE OF THE ORDER APPROVING THIS RECOMMENDATION**, and it is

**RECOMMENDED**, that if plaintiff does file a proposed amended complaint, that the Clerk be directed to forward the proposed amended complaint to me for initial review, and it is

**RECOMMENDED**, that if plaintiff fails to file a proposed amended complaint or fails to ask for an extension of time to file a proposed amended complaint, the court **DISMISS THE ACTION WITH PREJUDICE**, and it is

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED WITHOUT PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: August 20, 2015

Hon. Andrew T. Baxter
U.S. Magistrate Judge